**Bernice AUSTIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36262.**

Court of Criminal Appeals of Texas.

Feb. 12, 1964.

Hugh O. Lea, Hemphill, for appellant.

James A. Morris, Dist. Atty., Roy Wingate, Asst. Dist. Atty., Orange, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is murder without malice; the punishment, 2 years.

The appellant was charged with the murder of her husband, Ira Austin, with malice. The jury decided the issue of self-defense against the appellant and found her guilty of murder without malice.

The undisputed evidence, including the confession of the appellant, shows that she shot her husband with a .22 caliber pistol.

Oscar Ray Griffin, M. D., a pathologist, testified that he performed an autopsy on the body of Ira Austin. He described the course of the small bullet which entered beneath the left rib margin about one-half inch below the midline and lodged in the right flank. He testified that the penetration of the arteries and veins by the bullet was the cause of death.

Two grounds are advanced upon which reversal is sought.

The first presents the contention that it was error for the court to permit Dr. Griffin to testify as to the cause of death as a result of the autopsy without proof of an autopsy being ordered by either the Justice of the Peace or the next of kin. Whitaker v. State, 160 Tex.Cr.R. 271, 268 S.W.2d 172, is cited by the appellant.

Whitaker v. State does not support the appellant's contention that it was incumbent upon the state to prove that the autopsy had been ordered as a predicate for the admission of Dr. Griffin's testimony as to the cause of death.

■ In the absence of any showing that the evidence was unlawfully obtained, the testimony of the pathologist was admissible.

Appellant's remaining claim for reversal is presented by formal bill of exception wherein it is contended that the jury was allowed to separate in violation of Art. 623 Vernon's Ann.C.C.P.

The bill of exception shows that there was a city election in the City of Orange and one of the jurors desired to vote. He was taken to the polling place in an automobile driven by a deputy sheriff. All of the other jurors went along, some in another car driven by the court bailiff.

Deputy Sheriff Lee Burgess, who drove the juror to the polling place, could see him voting from where he was on the outside.

Our attention is directed to the fact that in amending Art. 623 C.C.P. which provided that when jurors had been sworn in a case they should be kept together and not permitted to separate until a verdict had been rendered or the jury finally discharged, the proviso "unless by permission of the court, with the consent of each party and in charge of an officer" was omitted and in the amended statute, Acts 1955, p. 795 (Art. 623 V.A.C.C.P.) the only exceptions relate to separation of male and female jurors.

The change in the statute is not here controlling. The question is whether the facts show a separation of the jury within the meaning of the statute.

■ The temporary separation of jurors in a felony case not out of sight of the officer in charge will not constitute reversible error if no injury or probable injury is shown. See 1 Branch's Ann.P.C. 2d Ed., Sec. 601, and cases cited.

■ We overrule the contention that a new trial should have been granted because a member of the jury was allowed to go into a polling place while the officer in charge and the remaining jurors watched and waited outside.

The judgment is affirmed.